OLIVER LAROCK, APPELLANT, *v.* THE OGDENSBURG
AND LAKE CHAMPLAIN RAILROAD COMPANY,
RESPONDENT.

*Negligence — when the relation of master and servant does not exist — when a corporation is not liable to the servant of a contractor, sustaining injuries by reason of the contractor's negligence.*

APPEAL from a judgment in favor of the defendant, entered on a nonsuit directed at the circuit.

One Newmyers took a contract to do the mason work upon a round-house which the defendant was constructing.

At the time of his making the contract he had some conversation with the master mechanic of the defendant about the scaffold to be used by Newmyers. At that conversation it was arranged that Newmyers was to build his own scaffold with materials to be furnished by defendant; that defendant would have to build a scaffold for the use of the carpenters, which would not, however, be strong enough for the mason work, but that Newmyers could use it if he wished after the carpenters had finished, but that he would do so, if at all, upon his own responsibility; that when the scaffold was built, Newmyers, if he saw a board going in that was not fit, told them not to put it in, and they did not. The carpenter of the defendant testified that when he had finished with the scaffold, he told Newmyers it was not strong enough for the masons to use.

The masons, however, did use it without any additions, and while they were so using it, it fell, and plaintiff who was upon it in the employ of Newmyers, was hurt, and to recover for that hurt he brings this suit. At the trial he was nonsuited.

The court at General Term said : " The relation of master and servant did not exist between Newmyers and defendant, or between defendant and the plaintiff. (*King* v. *N. Y. C. and H. R. R. R. Co.*, 66 N. Y., 181.) The defendant was therefore not liable for the negligence of Newmyers, and it was not liable for the injury to the plaintiff, unless the defendant violated some duty which it owed him. But it assumed no duty toward plaintiff. The contract expressly provided that Newmyers was to build his own scaffold.

It is true the defendant permitted the contractor to use its scaffold, but it was with a warning that its scaffold would not be strong enough for the masons, and upon Newmyers' express contract to take it at his own risk.

"Newmyers was to see that the scaffold was sufficient, and its failure was due to the neglect of the contractor to put it in proper condition to do the work. The case differs from *Coughtry* v. *Globe Woolen Co.* (56 N. Y., 124). In that case the defendant expressly assumed to furnish the scaffold, and the court held that it was bound to use proper diligence in constructing it, and that, as the defendant provided the scaffold, and by implication invited the workmen to go upon it, it would be liable independently of the contract.

"Neither of those elements existed here. Defendant refused to provide a proper scaffold for the mason work, and the contractor was told that the scaffold which was there was not to be used by the masons, unless it was strengthened by them. If it be said that defendant was to supply materials of which to build the scaffold, the answer is that there is no evidence that proper materials were not supplied. Newmyers did not use proper materials to strengthen the scaffold, but no fault of the defendant appears in that regard.

"The case of *King* v. *Railroad Company,* above cited, seems to us to control this one, and within the rule laid down in that case the nonsuit was right."

*Leslie W. Russell,* for the appellant.

*L. Hasbrouck,* for the respondent.

Opinion by RUMSEY, J.; LEARNED, P. J., and OSBORN, J., concurred.

Judgment affirmed, with costs.